UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

AARON BENBOW,                           :
       Plaintiff,                       :
     v.                                 :          C.A. No. 13-334ML
                       :
WARDEN WEEDEN, LT. ALVES,               :
C/O GRANDPRE, and                       :
DIRECTOR WALL,                          :
        Defendants.                   :

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

       Plaintiff Aaron Benbow, currently incarcerated at the Rhode Island Adult Corrections Institution ("ACI"), has filed a *pro se* civil rights Complaint, along with a Motion for leave to proceed *in forma pauperis* ("IFP").  The IFP Motion (ECF No. 2) has been referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A).  Benbow has complied with the requirements of 28 U.S.C. § 1915(a)(2); accordingly, it will be granted if the Complaint survives screening.

       Because Benbow is a prisoner seeking to proceed IFP, this Court is required to screen his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  As crafted, the Complaint fails to state a claim upon which relief may be granted and many aspects of it are frivolous.  Accordingly, I recommend that Benbow be granted leave to file an amended complaint within thirty days that states an actionable claim (if he has one) based on the non-frivolous facets of his pleading.  Such an amended complaint must overcome the deficits identified in this Report and Recommendation; if an amended complaint is not timely filed, or if the amended complaint still fails to state a claim, this action should be dismissed.

## I.      ALLEGATIONS IN THE COMPLAINT

Benbow's Complaint arises under 42 U.S.C. § 1983 based on the allegation that he was deprived of his right to procedural due process in connection with a disciplinary hearing on December 30, 2011.  The hearing was based on an infraction report written by Defendant Correctional Officer Grandpre, who accused Benbow of throwing two punches at him, applying a headlock to him and spitting blood on him.  This incident occurred on December 23, 2011, at the maximum security unit of the ACI while Officer Grandpre was responding to a Code Blue. As a result of the hearing, Benbow was placed in disciplinary segregation for one year and lost one year of good time credit.

The Complaint contains a hodge-podge of due process complaints about the hearing.

First, without naming a specific defendant, Benbow appears to claim that he received less than twenty-four hours' notice of the infraction before the hearing was held.[1]  Second, in both the Case Report attached to the Complaint[2] and the Complaint itself, he accuses Officer Grandpre of filing a false claim by alleging that Benbow spit blood, which he vehemently denies based on the claim that he was not bleeding (and attaches a nurse report to prove it).  Notably, neither the Case Report nor the Complaint denies the balance of the charged infraction, which includes attempting to punch and applying a headlock to a correctional officer.  Third, Benbow directs claims against both the hearing officer and the review officer for his disciplinary hearing. Defendant Lieutenant Alves, the hearing officer, conducted the hearing, found Benbow guilty

---

[1] The Complaint is ambiguous regarding the claim of less than twenty-four hours' notice.  Paragraphs 3-4 seem to allege that the "booking" was read to Benbow on December 29, 2011, less than twenty-four hours before the hearing, though they are less than crystal clear.  The attached Case Report (see n.2 infra) seems to indicate that Benbow waived the twenty-four hour notice requirement.  This ambiguity is liberally construed in his favor because he is pro se.  Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990).

[2] Plaintiff attached several documents to the Complaint, including the ACI's "Case Report" regarding the incident; all are properly considered as part of the pleading.  Trans–Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008).

based on the infraction described in the Case Report and imposed the sanctions of one year of segregation and one year loss of good time credit. Defendant Warden Weeden, the reviewing officer, affirmed these penalties on appeal. Benbow complains that Lieutenant Alves failed to perform an independent investigation of the incident and that neither Lieutenant Alves nor Warden Weeden wrote detailed reasons for their findings and conclusions. Fourth, Benbow alleges that he wrote to Defendant Director Wall notifying him of the alleged due process violations and asking for an investigation of the false claim.

In a strategic decision that is potentially fatal to his Complaint, Benbow pled not guilty to the charged infraction (though specifically denying only the charge of spitting blood, not the charge of punching and putting a headlock on an officer), but refused to attend the hearing, not only because he was upset about the charge of spitting blood, but more importantly based on his desire to avoid self-incrimination regarding an incident that could well be the subject of a criminal charge. Benbow's fear of prosecution was well founded. The Complaint alleges that criminal charges were eventually brought against him based on the incident as described by Officer Grandpre.

Benbow's prayers for relief also raise issues that must be addressed at screening. He seeks traditional money damages under § 1983 and removal from serving any more of the one year of segregated confinement,[3] but also seeks expungment of the disciplinary hearing from his record and restoration of his good time credits.

---

[3] Since almost a year and a half had passed from the hearing at which one year of segregation was imposed until the filing of the Complaint, the Court assumes that Benbow's prayer for this remedy is moot. See, e.g., Medberry v. Crosby, 135 F. App'x 333, 334 (11th Cir. 2005) (per curiam); Knuckles v. Maynard, No. 08-723, 2010 WL 4293897, at *4 (D. Md. Oct. 29, 2010); Battle v. Maldonado, No. 1:05-CV-733TW, 2006 WL 2092387, at *1 (N.D. Ga. July 25, 2006). Therefore, it is not addressed further in this Report and Recommendation.

## II.      STANDARD OF REVIEW

Because Benbow seeks to proceed IFP, his Complaint is subject to preliminary screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.  These statutes authorize federal courts, at any time, to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  Id.; see Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2) and 1915A is the same standard used when ruling on a Rule 12(b)(6) motion to dismiss.  Hodge v. Murphy, 808 F. Supp. 2d 405, 408 (D.R.I. 2011).  To survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6).  Well-pled allegations are accepted as true and the Court "scrutinize[s] the complaint in the light most favorable to the plaintiff."  Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999).  "Specific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atl. Corp., 550 U.S. at 555).  Although this Court construes pleadings of a *pro se* plaintiff "liberally," Estelle v. Gamble, 429 U.S. 97, 106 (1976), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.

Dismissal for frivolousness must clear a higher bar under §§ 1915(e)(2) and 1915A than dismissal for failure to state a claim.  Neitzke, 490 U.S. at 329.  Complaints are frivolous if they lack "an arguable basis either in law or in fact."  Id. at 325.  Complaints containing an

"indisputably meritless legal theory" are also frivolous; so too are "claims whose factual contentions are clearly baseless." Id. at 327.  Examples of claims with an "indisputably meritless legal theory" include "claims against which it is clear that the defendants are immune from suit and claims of infringement of a legal interest which clearly does not exist." Id. (internal citation omitted).

When a *pro se* prisoner complaint fails to state a claim but is not frivolous, the First Circuit has cautioned against *sua sponte* dismissal with prejudice "without affording plaintiff notice and an opportunity to be heard." Street v. Fair, 918 F.2d 269, 272 (1st Cir. 1990) (per curiam).  Instead, district courts are advised to give plaintiffs "some form of notice and an opportunity to cure the deficiencies in the complaint." Brown v. Rhode Island, No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (per curiam) (vacating dismissal under §§ 1915(e) and 1915A).

## III.    SCREENING OF THE COMPLAINT

Benbow's Complaint, both overall and viewed piecemeal, fails to state a claim for a host of reasons.  In addition, many aspects of it are frivolous.  The analysis follows.

### A.  Benbow's Complaint Fails to State a Claim Because It Lacks Facts Plausibly Alleging that His Disciplinary Segregation Implicated a Viable Liberty Interest

"Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Price v. Johnston, 334 U.S. 266, 285 (1948).  Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law. Sandin v. Conner, 515 U.S. 472, 485-86 (1995) (disciplinary segregation, without more, does not afford defendant protected liberty interest that would entitle him to procedural protections of Due Process clause).  Only changes in prison conditions resulting from discipline

5

imposed without appropriate due process that constitute "atypical" and "significant" hardships

sufficient to give rise to the loss of a liberty interest are potentially actionable under § 1983.  Id.

at 486; Hewes v. R.I. Dep't of Corrs., No. C.A. 00-205 S, 2003 WL 751027, at *2 (D.R.I. Feb.

11, 2003) (quoting Sandin, 515 U.S. at 484); see also Ky. Dep't of Corrs. v. Thompson, 490 U.S.

454, 460 (1989) (prisoner must establish liberty interest to allege due process violation).

       To state a claim, a complaint that claims a deprivation of procedural due process must

plausibly allege the loss of a liberty interest based on the imposition of conditions that are

atypical and a significant hardship.  Hewes, 2003 WL 751027, at *2-3 (where segregation did not

constitute atypical and significant hardship, no liberty interest implicated and § 1983 action

dismissed).  While courts differ over whether some length of disciplinary segregation is so long

as to be atypical and a significant hardship, all of the cases that follow Sandin concur that an

allegation of disciplinary segregation alone is insufficient to implicate a liberty interest.  See,

e.g., Colon v. Howard, 215 F.3d 227, 231 (2d Cir. 2000) (segregation for 305 days or more

implicates a liberty interest); Carson v. Johnson, 112 F.3d 818, 821 (5th Cir. 1997) (disciplinary

segregation never implicates a liberty interest unless it inevitably affects the duration of the

sentence); Marino v. Klages, 973 F. Supp. 275, 278 (N.D.N.Y. 1997) (three hundred days in

disciplinary isolation is not atypical or significant deprivation as to trigger due process

protections).  Cf. Skinner v. Cunningham, 430 F.3d 483, 486-87 (1st Cir. 2005) (forty days of

administrative segregation following prison fight resulting in death does not constitute "atypical

and significant hardship").  Accordingly, Benbow must plead more than placement in

disciplinary segregation for a year.  See Cook v. Wall, No. 09-169S, 2013 WL 773444, at *1-2

(D.R.I. Feb. 28, 2013) (liberty interest implicated where allegations in aggregate show prisoner

placed in disciplinary segregation without hearing or evidence and with improper notice of

disciplinary decision).  Because this Complaint has no plausible factual allegation that Benbow's one year of disciplinary segregation for an attack on a correctional officer was atypical and imposed a significant hardship, it does not adequately plead the loss of a liberty interest and must be dismissed for failure to state a claim.  See Lekas v. Briley, 405 F.3d 602, 613 (7th Cir. 2005) (disciplinary segregation alone does not necessarily produce "atypical and significant hardship" under Sandin); Petaway v. C/O Duarte, C.A. No. 11-497-ML, 2012 WL 1883506, at *3 (D.R.I. May 22, 2012) (thirty days of punitive segregation is not "atypical and significant" hardship).

Because Benbow's Complaint fails to allege plausible facts permitting the inference that his year of disciplinary segregation constituted the loss of a liberty interest under Sandin, the due process allegations based on disciplinary segregation should be dismissed for failure to state a claim.

**B.  Benbow's Complaint Fails to State a Claim Because Loss of Good Time Credit Does Not Implicate a Viable Liberty Interest**

The cases interpreting Rhode Island's good time credit statute make clear that Benbow's complaint of loss of good time credit not only fails to state a claim, but is frivolous, in that, this consequence cannot amount to the loss of a liberty interest as a matter of law.  Almeida v. Wall, No. 08-184S, 2008 WL 5377924, at *7 (D.R.I. Dec. 23, 2008) (Rhode Island good time credit statute is discretionary and does not create a liberty interest); see also Moore v. Begones, No. 09-543 S, 2010 WL 27482, at *4 (D.R.I. Jan. 4, 2010) (same).  Accordingly, Benbow's allegations regarding lost good time credit should be dismissed.

**C.  Benbow's Non-Denial of the Core Allegations and His Strategic Decision Not to Attend the Hearing Waive all Potential Due Process Violations**

As pled, the Complaint suffers from another fatal flaw, so that on its face it fails to state a claim on which relief may be granted.  Benbow admits that he did not appear at the disciplinary

hearing because he was asserting his Fifth Amendment right against self-incrimination.  This strategic (and rational) decision not to defend himself because he was facing potential criminal charges as a result of the assault on Officer Grandpre, coupled with his failure to deny that he aggressively attacked a correctional officer,[4] both undermine the viability of the Complaint, which fails to explain how there could be a constitutional deprivation arising from his lack of twenty-four hours' notice where he did not need the time to prepare a defense as he did not attempt to marshal one.  See Wolff v. McDonnell, 418 U.S. 539, 564 (1974) (purpose of twenty-four hour notice requirement to allow time to marshal a defense); Ordaz v. Lynaugh, 20 F.3d 1171, at *2 n.6 (5th Cir. 1994) (unpublished opinion) (no § 1983 violation when prisoner not prejudiced by lack of twenty-four hours' notice); Goins v. Washington, No. 97-7244, 1998 WL 30704, at *5 (N.D. Ill. Jan. 26, 1998) (no due process violation when prisoner did not receive twenty-four hours' notice of disciplinary hearing but the infringement caused no harm).

The cases are clear that any due process rights that might have existed are waived by a voluntary failure to appear and defend.  "[W]hen an inmate voluntarily waives his appearance before a disciplinary hearing officer, he cannot then attack the adjudication as violative of his constitutional rights.  An inmate's refusal to attend a disciplinary hearing waives his due process objections . . . when it occurs through no fault of prison officials."  Brown v. Fischer, No. 10-3830, 2011 WL 4056302, at *6 (S.D.N.Y. Aug. 17, 2011) (quoting Tafari v. McCarthy, 714 F. Supp. 2d 317, 380 (N.D.N.Y. 2010)); see Dease v. MacArthur, No. 05-294, 2007 WL 1827135, at *8 (D. Nev. June 21, 2007) (no due process violation when prisoner admits infraction and gives no valid justification for failure to attend hearing).

---

[4] In the disciplinary context, Benbow's silence in the face of the accusations of attempting to punch and putting a correctional officer in a headlock can be considered evidence of guilt.  Baxter v. Palmigiano, 425 U.S. 308, 317-18 (1976); United States v. Stein, 233 F.3d 6, 15 n.5 (1st Cir. 2000).

Benbow's Complaint lays out his strategic and voluntary decision not to attend or to defend, thereby waiving his rights to due process. For this reason, the Complaint fails to state a claim and should be dismissed.

**D. Benbow's Prayers for Relief for Restoration of Good Time Credits and Expungment Fail under <u>Heck</u> Because They Imply the Invalidity of the Disciplinary Sanction and Must Be Challenged in a Habeas Proceeding**

In <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994), the Supreme Court held that when a prisoner seeks damages in a suit filed pursuant to § 1983, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated" in a habeas proceeding. In <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997), the Supreme Court applied <u>Heck</u> to prison disciplinary proceedings, holding that a claim for damages and declaratory relief brought by a state prisoner challenging the validity of a disciplinary hearing used to deprive him of good time credits is not cognizable under § 1983 unless the prisoner can demonstrate that the sanction had previously been invalidated. The Supreme Court further refined <u>Heck</u> in <u>Muhammad v. Close</u>, 540 U.S. 749, 751 & n.1 (2004), ruling that <u>Heck</u> is not implicated when a prisoner brings a challenge that does not affect the duration of his criminal sentence – for example, when a prisoner challenges the conditions of his confinement and not the length of his confinement. <u>See</u> <u>Hill v. McDonough</u>, 547 U.S. 573, 579 (2006).

Pursuant to <u>Heck</u> and <u>Edwards</u>, actions under § 1983 for restoration of good time credits and expungment of a disciplinary conviction are not cognizable because to grant this relief would necessarily invalidate the disciplinary conviction and thereby reduce the length of incarceration in prison by restoring good time credits. <u>See</u> <u>Johnson v. Livingston</u>, 360 F. App'x 531, 532 (5th

Cir. 2010) (per curiam); <u>Walters v. Guilfoyle</u>, 68 F. App'x 939, 940-41 (10th Cir. 2003);

<u>Williams v. Wilkinson</u>, 51 F. App'x 553, 557 (6th Cir. 2002); <u>see also</u> <u>White v. Gittens</u>, 121 F.3d

803, 806 (1st Cir. 1997) (under <u>Heck</u> a prisoner cannot bring § 1983 action for loss of good time

credits). A state prisoner must first invalidate a disciplinary conviction in a habeas proceeding; if

successful, he can bring a § 1983 action. <u>See</u> <u>DeWitt v. Wall</u>, 121 F. App'x 398, 399 (1st Cir.

2004) (per curiam).

       With no suggestion that Benbow's disciplinary conviction has been invalidated, his sole

federal remedy for restoration of good time credits and expungment of the disciplinary

conviction lies in a habeas corpus proceeding, which Benbow has not brought. <u>See</u> <u>Toro v.</u>

<u>Regine</u>, No. C.A. 05-455T, 2005 WL 3689632, at *1 (D.R.I. Dec. 27, 2005); <u>Spivey v. Wall</u>, No.

C.A. 03-88T, 2003 WL 21011239, at *1 (D.R.I. Apr. 1, 2003). Further, if this Court were to

construe the Complaint as a habeas petition pursuant to 28 U.S.C. § 2254, it still fails to state a

claim because state remedies were not exhausted. <u>Fox v. Lappin</u>, 441 F. Supp. 2d 203, 206 (D.

Mass. 2005) (court may construe a § 1983 complaint as a habeas petition and vice versa); <u>see</u>

<u>Ferrell v. Wall</u>, 862 F. Supp. 2d 88, 99 (D.R.I. 2012) (requirement of exhaustion under 28 U.S.C.

§ 2254(b)(1)(A)); <u>Taylor v. Collins</u>, No. 05-278S, 2005 WL 2205834, at *1 (D.R.I. Aug. 15,

2005) (habeas petition for due process violations from prison disciplinary hearing dismissed

because plaintiff did not exhaust state court remedies). The only claim that potentially survives

<u>Heck</u> is Benbow's claim for § 1983 damages arising from the disciplinary sanction of one year in

segregation because it concerns the conditions, not the duration, of his confinement. <u>See, e.g.</u>,

<u>Muhammad</u>, 540 U.S. at 751 n.1; <u>Tokanel v. New Hampshire</u>, No. 09-CV-409-JL, 2010 WL

331683, at *2 n.1 (D.N.H. Jan. 26, 2010); <u>Shabazz v. Cole</u>, 69 F. Supp. 2d 177, 194 (D. Mass.

1999).

Accordingly, Benbow's prayer for remedies available only in a habeas proceeding must be dismissed without prejudice to bringing those claims in a habeas petition after he has properly exhausted state court remedies.  DeWitt, 121 F. App'x at 399.  The Complaint is frivolous and fails to state a claim under § 1983 to the extent Benbow seeks recovery of his lost good time credits and expungment of the disciplinary hearing.

### E.  Benbow's Claim that Officer Grandpre Filed a False Booking Fails to State a Claim

Benbow alleges with some passion that Officer Grandpre filed a false booking against him based on the contested allegation that Benbow spit blood on him.  The Complaint contains no allegation that this false booking was filed for an improper purpose potentially amounting to a constitutional deprivation.  Moreover, by his silence,[5] Benbow concedes that there was a serious incident as described by Officer Grandpre, including that Benbow may have spit on him – the only disagreement is over whether there was blood.

It is well settled that such an allegation fails to state a claim.  See Dias v. Duval, 59 F.3d 164, at *2 (1st Cir. 1995) (unpublished table decision) (per curiam) ("prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest") (quoting Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)); Lopez v. Wall, No. 09-578 S, 2010 WL 4225944, at *5 (D.R.I. Aug. 19, 2010) (a prisoner does not have a free-standing liberty interest in not having a false disciplinary charge leveled against him).  Cf. Markiewicz v. Washington, 175 F.3d 1020, at *2 (7th Cir. 1999) (unpublished table decision) ("To the extent that [the prisoner] seeks damages for the bringing of allegedly false [booking] charges, the procedural requirements of a prison disciplinary hearing are sufficient to protect prisoners from arbitrary action of prison officials.").  Rather, false bookings are typically not actionable unless the prisoner alleges the booking was in

---

[5] See n.4 supra.

retaliation for exercising constitutionally-protected conduct, an allegation that is totally absent

from this Complaint.  See L'Heureux v. Ashton, 181 F.3d 79, at *1 (1st Cir. 1998) (unpublished

table decision) (per curiam).  This false booking claim also fails because Benbow did not contest

the gravamen of the charge – that he threw punches at Officer Grandpre and put him in a

headlock.  See Petaway, 2012 WL 1883506, at *2-3 (complaint alleging that false booking

resulted in disciplinary charges dismissed where plaintiff admitted that altercation occurred);

Moore, 2010 WL 27482, at *5-6 (false booking claim fails as a matter of law when hearing

officer has permissible reason for imposing segregation and loss of good time).  Finally, the false

booking claim fails under Heck because it attacks the validity of the sanction imposed.  See

Goins, 1998 WL 30704, at *4-5.  Benbow cannot overturn a disciplinary conviction affecting the

duration of his imprisonment using § 1983; his sole federal remedy is the habeas statute.

Edwards, 520 U.S. at 644, 648.

   The allegations based on the claim of a false booking not only fail to state a claim, but are

frivolous; they should be dismissed.  Further, because the false booking claim is the only charge

leveled at Officer Grandpre, he should be dismissed from the case.

   **F.   Benbow's Claims that Lieutenant Alves and Warden Weeden Denied Him Due
       Process by Failing to Investigate and Failing to Write Detailed Decisions Fail to
       State a Claim**

   Benbow's claim against Lieutenant Alves, the hearing officer, and Warden Weeden, the

officer who reviewed the findings, for writing constitutionally-deficient findings to support the

disciplinary sanctions, and his claim against Lieutenant Alves for not uncovering evidence both

fail to state a claim.

   In prison disciplinary hearings, due process requires a prison official to issue a written

statement of the evidence relied upon that includes the reasons for the disciplinary action.  Wolff,

418 U.S. at 564-65.  The decision must be supported by "some evidence."  Superintendent,

Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985).  The "some evidence" standard is a lenient

one, requiring no more than "a modicum of evidence."  Id.  When the charge is straightforward

and the prisoner does not present any evidence, the hearing and reviewing officers' written

statements need only say that they believed the conduct report.  See Moore v. Pepe, 45 F.3d 423,

at *2-3 (1st Cir. 1995) (unpublished table decision) (per curiam); Matthews v. Rakiey, 981 F.2d

1245, at *2-4 (1st Cir. 1992) (unpublished table decision) (per curiam); Ferreira v. Dubois, 963

F. Supp. 1244, 1254 (D. Mass. 1996); see also Calligan v. Wilson, 362 F. App'x 543, 545-46

(7th Cir. 2009).

    That is precisely what happened here.  Plaintiff declined to attend the hearing and his

statement in the case report denied only spitting blood; it did not contest throwing punches or

putting Officer Grandpre in a headlock.  See Moore, 45 F.3d 423, at *2 (disciplinary sanction

warranted when inmate admitted most of violation); Matthews, 981 F.2d 1245, at *4 (findings of

guilt in disciplinary hearing not constitutionally defective just because hearing officer relied on

the report of the correctional officer without other corroborating evidence).  Under these

circumstances, Lieutenant Alves and Warden Weeden were not constitutionally required to write

detailed findings.  See Moore, 45 F.3d 423, at *3; see also Calligan, 362 F. App'x at 545-46.

Their written findings following Plaintiff's disciplinary hearing are more than adequate to satisfy

procedural due process.

    Benbow's charge that Lieutenant Alves, as hearing officer, had an affirmative duty to

procure video tapes and summon witnesses to a hearing that Benbow himself declined to attend

is equally unavailing.  As the hearing officer, it would have been improper for Lieutenant Alves

to assume the role of Benbow's representative by investigating and uncovering evidence.

McGuinness v. DuBois, No. 93-12673-WGY, 1995 WL 169500, at *6 (D. Mass. Mar. 15, 1995) ("a prison officer who participates in investigation or review of, provides testimony concerning, or has personal knowledge of material facts leading to a disciplinary hearing cannot be impartial as matter of law."); see also Gordon v. Thaler, No. H-11-3202, 2012 WL 4481925, at *5 (S.D. Tex. Sept. 26, 2012) ("The requirement of impartiality in the context of prison disciplinary hearings requires that the disciplinary hearing officer may not have participated in the case as an investigating or reviewing officer or as a witness.").  Lieutenant Alves did not commit a due process violation simply by accepting the evidence presented to him at the disciplinary hearing. See McGuinness, 1995 WL 169500, at *6-7 (no due process violation when no allegation of bias or involvement in investigation of case).

Benbow's claims based on the brevity of the written findings and the lack of an independent investigation should be dismissed because they are frivolous and fail to state a claim.  Further, because the Complaint contains no allegations that are actionable under § 1983 against either Lieutenant Alves or Warden Weeden, they should be dismissed from the case.

### G.  Benbow's Claims Against Director A.T. Wall Fail to State a Claim

"Section 1983 claims do not impose purely supervisory liability."  Cordero-Suárez v. Rodríguez, 689 F.3d 77, 82 (1st Cir. 2012).  Section 1983 liability may be imposed on a supervisor like Director Wall only if he is the primary violator or he supervised, trained or hired a subordinate with deliberate indifference to the possibility that deficient performance may eventually result in a civil rights violation.  Sanchez v. Pereira-Castillo, 590 F.3d 31, 49 (1st Cir. 2009); Flores v. Wall, No. CA 11-69 M, 2012 WL 4471101, at *9 (D.R.I. Aug. 31, 2012). Beyond the allegation in Paragraphs 11-11A that Benbow wrote to Director Wall to notify him of the due process violations and to ask for an investigation of the false booking, and the

assertion that the Director "must review my issue," the Complaint alleges absolutely no facts to support a claim against Director Wall.  Accordingly, it is insufficient to proceed against him as a matter of law.  Walker v. Wall, No. 13-303-M, 2013 WL 3187031, at *7 (D.R.I. June 20, 2013) (allegation that prisoner wrote letters and appeals to Director Wall and did not receive a response insufficient to state a claim for a constitutional violation); Flores, 2012 WL 4471101, at *11 (dismissing claims against ACI warden due to lack of factual support for conclusory allegation that warden knew of plaintiff's transfer to dangerous environment).

The Complaint is frivolous and fails to state a claim upon which relief can be granted with respect to Director Wall.  Accordingly, all claims against him should be dismissed.

## IV.    CONCLUSION

While allegations plausibly alleging the imposition of disciplinary segregation amounting to a significant and atypical hardship so as to implicate a liberty interest without affording Benbow appropriate due process by allowing at least twenty-four hours' notice of the hearing conceivably could state a claim, Wolff, 418 U.S. at 564, such a claim would still fail unless it charges that the due process deprivation was committed by a specific defendant and overcomes the principles of Heck and its progeny.  Further, because Benbow did not deny most of the charges and chose not to attend the disciplinary hearing to avoid incriminating himself, an amended complaint must contain facts that plausibly describe how the potential due process violation arising from the lack of twenty-four hours' notice was not waived.  These challenges are great, so that leave to amend this Complaint is likely futile.  See Seguin v. Bedrosian, No. 12-CV-614-JD, 2013 WL 124267, at *3 (D.R.I. Jan. 9, 2013).  Nevertheless, the First Circuit has cautioned that leave to amend should be provided for any *pro se* complaint that is not "patently meritless and beyond all hope of redemption."  Brown, 2013 WL 646489, at *3.

Accordingly, I recommend that Benbow be ordered to file an amended complaint within thirty days of this Court's adoption of this recommendation.  If an amended complaint is not timely filed, or if the amended complaint still fails to state a claim, this action should be dismissed with prejudice, except as to claims that should have been brought in a habeas proceeding, which should be dismissed without prejudice, and Benbow's Motion to Proceed *in Forma Pauperis* (ECF No. 2) should be denied as moot.[6]  See 28 U.S.C. §§ 1915(e)(2), 1915A.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its service.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
July 10, 2013

---

[6] If Benbow timely files an amended complaint that states a claim on which relief can be granted, this Court will grant his Motion to proceed IFP; an Order setting out the amount to be paid as an initial filing fee and monthly until the filing fee is paid in full will be entered at that time.